```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF TEXAS
                          HOUSTON DIVISION

BILLY HASSELL, SR.,                §
                                   §
     Plaintiff,                    §
                                   §
v.                                 §
                                   §       CIVIL ACTION NO. H-12-1530
                                   §
BANK OF AMERICA, N.A., U.S.        §
BANK, N.A., AS TRUSTEE FOR         §
THE HOLDERS OF THE SPECIALTY       §
UNDERWRITING AND RESIDENTIAL       §
FINANCE TRUST, MORTGAGE LOAN       §
ASSET-BACKED CERTIFICATES,         §
SERIES 2006-3, and MACKIE,         §
WOLF, ZIENTZ & MANN, P.C.,         §
                                   §
     Defendants.                   §
```

MEMORANDUM AND ORDER

Pending is Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 16).[1] After carefully considering the motion, response, reply, and applicable law, the Court concludes that the Motion should be granted and Plaintiff's complaint should be dismissed.

I. Background

Billy Hassell, Sr. ("Plaintiff") filed this action after the foreclosure and sale his home located at 24914 Mason Trail Drive,

---

[1] Defendants' Motion to Dismiss Plaintiff's First Amended Complaint supercedes Defendants' Motion to Dismiss Plaintiff's Original Petition (Document No. 9), which is therefore DENIED as moot.

Katy, Texas ("the Property").[2]  He purchased the Property in 2006, executing at that time a purchase money promissory note secured by a Deed of Trust ("Mortgage") on the Property in favor of Wilmington Finance, Inc.[3]  Defendant U.S. Bank ("USB") is the current holder of the Note, and Defendant Bank of America, N.A., through its entities BAC Loan Servicing, L.P. and BAC, (collectively "BAC") acts as the mortgagee servicer for the loan.[4]

After Plaintiff experienced financial reversals in 2009, he "was unable to afford his mortgage payments."[5]  By letter dated May 3, 2011, BAC notified Plaintiff that he was in "serious default" on his loan and that he had until June 2, 2011 to cure by tendering "good funds."[6]  On or around June 7, 2011, Plaintiff received

---

[2] Document No. 12 ¶ 6 (First Am. Complt.).

[3] Document No. 16, ex. A at 1 (Deed of Trust).

[4] *See* Document No. 12 ¶ 4.

[5] Id. ¶ 6.

[6] Document No. 16, ex. D at 3 of 6 (May 3, 2011 Notice of Default).  Although Plaintiff does not attach to his complaint either the Deed of Trust or the May 3, 2011 letter from BAC, he refers to an undated "notice of default" and relies on the terms of the Deed of Trust in his complaint.  *See* Document No. 12 ¶ 6 ("After receiving a notice of default with several options to cure . . . ."); id. ¶ 8.  In his opposition to the instant motion, Plaintiff argues that "even though Defendant supplied Plaintiff with notices regarding the default, Plaintiff clearly alleged in his complaint that *despite these notices*, Defendants cut him off. . . ."  Document No. 17 at 7 (emphasis added).  Defendants have exhibited the May 3, 2011 Notice of Default, which declares Plaintiff's loan in serious default, states Plaintiff's right to cure within 30 days (by June 2, 2011) by payment of $141,486.36, plus additional sums accrued by the payment date; and, as pled by

another letter from BAC stating that "we want to help you find a solution to avoid foreclosure"[7] and that Plaintiff had until July 7, 2011 "to contact BAC by telephone or else foreclosure could occur."[8] The letter further stated that if Plaintiff wanted to be considered for the cure options BAC outlined in the letter, he was to send certain documents requested in the letter by June 21, 2011.[9] Plaintiff claims that he called BAC before the deadline and further alleges that he timely submitted the paperwork for consideration under the Home Affordable Foreclosure Alternatives

---

Plaintiff, the Notice goes on to describe "various options that may be available" from BAC to prevent a foreclosure sale.  The Court may consider documents referred to by Plaintiff in his complaint which are central to his claim.  *See* Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (noting that a court may look to documents attached to the pleadings in considering a motion to dismiss, and further that "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim'" (quoting Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993))); *see also* CHARLES ALAN WRIGHT ET AL., 5A FEDERAL PRACTICE AND PROCEDURE § 1327 at 438-39 (3d ed. 2004)  ("[W]hen [a] plaintiff fails to introduce a pertinent document as part of her pleading . . . [a] defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case.").  Because both the May 3, 2011 Notice and the Deed of Trust are central to Plaintiff's claim and are referenced in the complaint, the Court considers them in the analysis of Defendants' motion.

[7] Document No. 13 at 1 (June 7, 2011 letter).

[8] Document No. 12 ¶ 10.

[9] Document No. 13 at 2.

(HAFA)[10] program for a HAFA short sale or, alternatively, a HAFA Deed in Lieu of Foreclosure.[11] BAC informed Plaintiff on August 11, 2011 that he was not eligible for either HAFA program because he had not submitted all of the documents that it had requested.[12] Thereafter Plaintiff "was assigned to an account representative at BAC, who began assisting him in his collection and submission of the appropriate documents for a modification of his loan [under HAMP]," and who provided Plaintiff with extensions of the time so that he could submit the requested paperwork.[13]

By October 18, 2011, however, BAC sent a notice to Plaintiff informing him that it had initiated foreclosure proceedings.[14] On December 8, 2011, Notice of Substitute Trustee Sale was posted, setting the date of sale for the property for January 3, 2012.[15]

---

[10] HAFA is a sub-program of the Home Affordable Modification Program (HAMP) that offers the options of a short-sale or a deed-in-lieu of foreclosure to homeowners who can no longer afford their mortgage payments. Nolasco v. CitiMortgage, Inc., Civ. A. No. H-12-1875, 2012 WL 3648414, at *2 n.3 (S.D. Tex. Aug. 23, 2012) (Miller, J.).

[11] Id. ¶ 11; see also Document No. 13 (June 7, 2011 Letter attached to Am. Complt.). The June 7, 2011 Letter also contained information on how to apply for a loan modification under the Home Affordable Modification Program (HAMP). See Document No. 13 at 2.

[12] Document No. 12 ¶ 11.

[13] Id. ¶ 12.

[14] Id. ¶ 13.

[15] Id.

This sale was postponed and posted again for February 7, 2012.[16] Despite alleged assurances from BAC representatives that the February sale would also be postponed while BAC and Plaintiff worked on a loan modification, the Property was sold at a foreclosure sale on February 7, 2012.[17]

Plaintiff describes his claims against Defendants USB and BAC (collectively, "Defendants"[18]) as: (1) breach of contract; (2) defenses to acceleration and sale; (3) violation of Texas Debt Collection Act ("TDCA"); (4) suit to quiet title; and (5) declaratory judgment.

## II.  Legal Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  When a district court reviews the sufficiency of a complaint before it receives any evidence either by affidavit or admission, its task is inevitably a limited one.  *See* Scheuer v. Rhodes, 94 S. Ct. 1683, 1686 (1974).  The issue is not whether the plaintiff ultimately will prevail, but whether the plaintiff is entitled to offer evidence to support the claims.  Id.

---

[16] Id. ¶ 15-16.

[17] Id. ¶ 16.

[18] Plaintiff's Original Petition named three defendants, USB, BAC, and Mackie, Wolf, Zientz, & Mann, P.C.  Document No. 1, ex. 1. On June 27, 2012, he voluntarily dismissed Mackie, Wolf, Zientz, & Mann, P.C. (Document No. 10).

In considering a motion to dismiss under Rule 12(b)(6), the district court must construe the allegations in the complaint favorably to the pleader and must accept as true all well-pleaded facts in the complaint. *See* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65.

### III.  Discussion

A.  Breach of Contract

The elements for a breach of contract under Texas law are as follows: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." Smith Int'l, Inc. v. Egle Group, LLC, 490

F.3d 380, 387 (5th Cir. 2007) (quoting Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C., 51 S.W.3d 345, 351 (Tex. App.–-Houston [1st Dist.] 2001, no pet.)).

Plaintiff alleges that Defendants breached the Deed of Trust by not giving to Plaintiff the required notice of default, the specific action that Plaintiff could take to remedy the default, and a period of 30 days to complete the remedial action.  The Deed of Trust clause that Plaintiff contends was breached is the following:

> **22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument . . . .  The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property.

Document No. 16, ex. A ¶ 22.

Plaintiff points to the June 7, 2011 letter attached to his amended complaint as an insufficient notice of default, etc., to comply with the Deed of Trust.  Defendants in their motion, however, exhibit Defendants' previous Notice of Default letter sent to Plaintiff dated May 3, 2011, which, as observed above, is properly considered.[19]  In accordance with the Deed of Trust

---

[19] See supra note 6.

proviso, BAC sent the May 3, 2011 letter by certified mail, and Plaintiff signed the Domestic Return Receipt showing that he received it on May 6, 2011.[20] The May 3, 2011 letter unequivocally stated that Plaintiff was in "serious default because the required payments have not been made," that the total amount required to reinstate the loan was as of that date $141,486.36, that Plaintiff had the right to cure the default by paying the foregoing sum, plus other payments and charges that may by then have accrued, and that Plaintiff had until June 2, 2011 to cure the default, which was a full 30 days after the date of the Notice.  Plaintiff acknowledges in his amended complaint that it was not until February 7, 2012 that Defendants foreclosed on the property.[21]  Defendants' subsequent forbearance for over seven months--during which time Defendants' unsuccessfully tried to accommodate Plaintiff through HAMP programs and the like--does not operate as a waiver of their right to foreclose, as the Deed of Trust expressly states: "Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons . . . *shall not be a waiver of or preclude the exercise of any right or remedy*."[22]  Plaintiff thus fails to plead facts sufficient to state a plausible claim that Defendants breached

---

[20] Document No. 16, ex. D at 6 of 6.

[21] Document No. 12 ¶ 15.

[22] Document No. 16, ex. A ¶ 12 (emphasis added).

clause 22, the acceleration and remedies clause of the Deed of Trust.

Plaintiff in the alternative pleads that Defendants breached the Deed of Trust by conducting the foreclosure sale on February 7, 2012, because Defendants had told Plaintiff that the "posted sale would also be extended to allow him to submit more documents by that date."[23]

Under Texas law, "a contract for the sale of real estate" must be in writing. TEX. BUS. & COM. CODE § 26.01(b)(4); Nguyen v. Yovan, 317 S.W.3d 261, 267 (Tex. App.--Houston [1st Dist.] 2009, pet. denied) (citation omitted). "Any oral agreement allowing a homeowner to make payments and submit an application for a loan modification to prevent the lender's acceleration and foreclosure of the property is barred by the statute of frauds." Torres v. Bank of America, N.A., C.A. No. C-12-057, 2012 WL 4718368, at *4 (S.D. Tex. Sept. 10, 2012) (Owsley, Mag. J.) (citation omitted). Again, Plaintiff does not state facts sufficient to state a plausible breach of contract claim upon which relief can be granted.

Plaintiff in his submissions essentially asks the Court to recognize a claim that depends upon expansion of the Deed of Trust to require that the Lender not foreclose until all possible alternative options have been exhausted, but the Deed of Trust does

---

[23] Document No. 12 ¶ 21.

not require such and a breach of contract claim must allege a breach of the contract as written. *See* Brooks v. Ocwen Loan Servicing, LLC, Civ. A. No. H-12-1410, 2012 WL 3069937, at *5 (S.D. Tex. July 27, 2012) (Lake, J.) (declining to expand the Deed of Trust to require the lender to "provide opportunity for [plaintiff] 'to pursue the range of foreclosure alternatives'"); *see also* Nolasco v. CitiMortgage, Inc., Civ. A. No. H-12-1875, 2012 WL 3648414, at *4 (S.D. Tex. Aug. 23, 2012) (Miller, J.) ("[T]he deed of trust and Texas law do not require defendants provide [plaintiff] with a list of cure options . . . . There is nothing in the deed of trust or note granting [plaintiff], following her default, the right to any loan modification, let alone HAMP consideration . . . ."). Accordingly, Plaintiff's breach of contract claim will be dismissed.

B.  Defenses to Acceleration and Sale

Plaintiff claims that the doctrine of quasi-estoppel applies as a defense to acceleration and sale. "Quasi-estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." Lopez v. Munoz, Hockema & Reed, L.L.P., 22 S.W.3d 857, 864 (Tex. 2000). "The doctrine applies when it would be unconscionable to allow a person to maintain a position inconsistent with one to which he acquiesced, or from which he accepted a benefit." Id.

Plaintiff argues that Defendants told him "that the foreclosure sale would not occur while he was working with [them] to find a solution."[24]  Plaintiff claims that Defendants led him to believe that they "would work with him" to try to avoid foreclosure and that if he had known that Defendants would not honor their agreement he "would have sought chapter 13 bankruptcy in order to retain his home."[25]

Quasi-estoppel "is a defensive theory" and "does not create a contract right that does not otherwise exist."  Sun Oil Co. v. Madeley, 626 S.W.2d 726, 734 (Tex. 1981).  As discussed above, Plaintiff was not entitled to a loan modification or forbearance in the contract, and oral promises for real estate transactions are barred by the statute of frauds.  Plaintiff states no claim upon which relief may be granted based on a quasi-estoppel theory.

C.   Texas Debt Collection Act

Plaintiff alleges that Defendants violated sections 392.301(a)(8) and 392.304(a)(8) of the Texas Finance Code.[26]

---

[24] Document No. 12 ¶ 38(b).

[25] Id. ¶ 38(d).

[26] Document No. 12 ¶¶ 24-27; Document No. 17 ¶ 16.

1. <u>Section 392.301(a)(8)</u>

Plaintiff alleges that BAC and USB violated § 392.301(a)(8) of the TDCA "when it threatened to take action to foreclose on the property without considering [Plaintiff] for HAMP or another alternative action to cure, and when it threatened foreclosure before it took the steps required in the deed of trust that gave them the right to foreclose."[27] As fully discussed above, after carefully considering the facts alleged in Plaintiff's amended complaint and the documents that are central to Plaintiff's breach of contract claims, it is clear that Defendants complied with the Deed of Trust and were entitled to sell the mortgaged property at foreclosure. There is no violation under the TDCA for threatening to do something a party has a legal right to do. *See* TEX. FIN. CODE § 392.301(b)(3) (the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings"). Thus, Plaintiff has not alleged facts sufficient on their face to state a plausible claim of a § 392.301(a)(8) violation upon which relief can be granted.

---

[27] Document No. 12 ¶ 25.

2.  Section 392.304(a)(8)

Plaintiff also alleges that Defendants violated § 392.304(a)(8), which makes it unlawful to "misrepresent the character, extent, or amount of a consumer debt."[28] To violate the TDCA using a misrepresentation, "the debt collector must have made an *affirmative statement* that was false or misleading." Burr v. JPMorgan Chase Bank, N.A., No. 4:11-CV-03519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012) (Hanks, Mag. J.) (emphasis added) (quoting Bellaish v. Chase Home Fin., LLC, No. H-10-2791, 2011 WL 4902958, at *2 (S.D. Tex. Oct. 14, 2011) (Atlas, J.)). Plaintiff does not allege that Defendants made an affirmative misrepresentation about the amount of the debt and asserts only that Defendants failed to provide a payoff quote. "Refusing to provide a payoff quote is not an affirmative misrepresentation of the amount of debt." Nolasco, 2012 WL 3648414, at *6; Burr, 2012 WL 1059043, at *7. Accordingly, Plaintiff does not state a claim for which relief may be granted under §§ 392.304(a)(8).

D.  Suit to Quiet Title

In a suit to quiet title, Plaintiff must prove that he has a right of ownership and that the adverse claim is a cloud on the title that equity will remove. Hahn v. Love, 321 S.W.3d 517, 531

---

[28] TEX. FIN. CODE § 392.304(a)(8).

13

(Tex. App.--Houston [1st Dist.] 2009, pet. denied). Plaintiff "must allege right, title, or ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." Wright v. Matthews, 26 S.W.3d 575, 578 (Tex. App.--Beaumont 2000, pet. denied). In sum, Plaintiff must recover on the strength of his own title, not on the weakness of his adversary's title. Fricks v. Hancock, 45 S.W.3d 322, 327 (Tex. App.--Corpus Christi 2001, no pet.).

The facts pled by Plaintiff together with the documents referred to that are central to Plaintiff's claims demonstrate that Plaintiff executed the Deed of Trust to secure payment of a purchase money note, that Plaintiff fell into serious default, and that Defendants sold the mortgaged property at foreclosure pursuant to the Deed of Trust. Plaintiff has not asserted facts that support a plausible claim to his having superior title. Accordingly, Plaintiff's quiet title action will be dismissed.

E.  Declaratory Action

Plaintiff seeks a declaration that "the acceleration of the note and referral to foreclosure was done in contravention of the Security Agreement's terms, and therefore should be decelerated and any reference to foreclosure be removed from all credit

repositories."[29]  This is Plaintiff's failed breach of contract claim recast as a declaratory judgment and, accordingly, it too fails to state a claim upon which relief can be granted.

F.   Leave to Amend

Plaintiff has not filed a motion for leave to amend, but summarily requests "leave to file an amended complaint" if "additional clarification of Plaintiff's claims is required." There is no proposed amendment or other proffer as to what additional facts, if any, Plaintiff could plead to "clarify," much less to cure, the defects that are fatal to Plaintiff's amended complaint.  "'[A] bare request in an opposition to a motion to dismiss--without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)--does not constitute a motion within the contemplation of Rule 15(a).'" U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 387 (5th Cir. 2003) (quoting Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Moreover, Plaintiff *already* has filed an amended complaint, the one under consideration, which Plaintiff filed in response to Defendant's previous Rule 12(b)(6) motion to dismiss Plaintiff's original complaint.  Thus, Plaintiff has had full opportunity on two occasions to plead a cause of action upon which relief can be

---

[29] Document No. 12 ¶ 42.

granted. There is no reason to believe that Plaintiff can improve on what he has twice unsuccessfully attempted, nor should Defendants bear the burden of having to file a third motion to dismiss. Accordingly, Plaintiff's request to replead is denied as futile. Foman v. Davis, 83 S. Ct. 227, 230 (1962).

## IV.  Order

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Document No. 16) is GRANTED, and Plaintiff Billy Hassell, Sr.'s claims against Defendants Bank of America, N.A. and U.S. Bank, N.A. are DISMISSED with PREJUDICE.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 18th day of January, 2013.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　EWING WERLEIN, JR.
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE